IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**DANIEL WILLIAM SHIEFFEN,**

                **Petitioner,**

        v.                              **CASE NO. 12-3218-RDR**

**UNITED STATES OF AMERICA,**

                **Respondent.**


**MEMORANDUM AND ORDER**


    This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, proceeds pro se and submitted the filing fee.

    Petitioner challenges the execution of his sentence, and, specifically, he appears to seek credit on his federal sentence for the approximately 392 days between September 19, 2008, through October 15, 2009.[1] The court has reviewed the record and has identified two potential defects in this matter.

    First, petitioner acknowledges that he did not fully exhaust administrative remedies. He seeks to avoid that requirement by pointing out his efforts to use the remedy process and the failure of officials to respond in a timely manner to his grievances.

    While 28 U.S.C. § 2241 does not contain an express exhaustion requirement, the Tenth Circuit requires the exhaustion of administrative remedies as a prerequisite to filing an action pursuant to § 2241. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). There

---

[1] *See* Doc. 1, Ex. 5, showing grievances and responses.

is a "narrow exception to the exhaustion requirement…if a petitioner can demonstrate that exhaustion is futile." *Id*.

In addition, despite a petitioner's failure to fully exhaust the grievance process, case law in the Tenth Circuit supports the denial of a petition on its merits in appropriate cases. *See, e.g., Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)(finding dismissal of § 2241 petition on its merits appropriate despite failure to exhaust because no credible federal constitutional claims was presented).

Here, it appears petitioner pursued a petition under § 2241 in the U.S. District Court for the Southern District of Texas in which he presented substantially similar claims. *Shieffen v. Joslin*, 2010 WL 4608713 (S.D. Tex. Nov. 5, 2010).[2]

That court entered dismissed the matter on the alternative bases that (1) petitioner had not exhausted administrative remedies and (2) the record showed that petitioner had received credit toward his state sentence from October 30, 2006, to October 15, 2009, a period that includes the time at issue in this petition.

Accordingly, the court is considering the dismissal of this matter due to the fact that petitioner has unsuccessfully presented these claims in a separate habeas corpus action and because it does not appear that petitioner has properly exhausted administrative remedies.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including March 22, 2013, to show cause why this matter should not be dismissed for the reasons cited. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

---

[2] A copy of that unpublished order is attached.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 1st day of March, 2013, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
U.S. Senior District Judge